## Case No. 10,552.

### In re ORDWAY.

[19 N. B. R. 171; ¹ 19 Alb. Law J. 482.]

District Court, D. Massachusetts. May 24, 1879.

BANKRUPTCY—DISCHARGE—OBJECTIONS — REQUEST TO CREDITORS TO FILE PETITION.

1. There is nothing in the bankrupt act [of 1867 (14 Stat. 517)] which prohibits a debtor from desiring or requesting his creditors to file a petition to have him adjudged a bankrupt when he has committed an act of bankruptcy. The mere fact that he has done so is no objection to a discharge.

2. In the absence of all fraud, the original adjudication must be considered as final and conclusive upon all the creditors, and cannot be disputed upon the question of granting a discharge.

[In the matter of Ordway Bros., bankrupts.]

NELSON, District Judge. The members of this firm were adjudicated bankrupts, upon their own petition, on the 4th day of August, 1876, and were discharged from their debts under a resolution of composition accepted by their creditors and recorded September 16, 1876. They were again adjudicated bankrupts on the 4th day of September, 1878, upon a petition filed by certain of their creditors. They now ask for their discharge. O. S. Currier, who is the only creditor who has proved a debt against their estate, objects to the discharge and specifies as the ground of his objection that the second petition, though in form involuntary, was in fact voluntary, and was filed and prosecuted by the petitioning creditors at the solicitation and procurement of the debtor for the fraudulent purpose of enabling the debtors to obtain their discharge without the assent in writing of any portion of their creditors, and without assets equal to 50 per cent. of the debts. This objection cannot prevail. There is nothing in the bankrupt act which prohibits a debtor from desiring or requesting his creditors to file a petition to have him adjudged a bankrupt, when he has committed an act of bank-

ruptcy. It is a right which the creditors possess, and it cannot be illegal for the debtor to request them to exercise it. It may be that the debtor will derive some advantage under the proceedings which he would not have upon a petition filed by himself, but it would only be an advantage which the law gives to him. Whether a discharge should be granted without the assent of creditors, if it could be shown that the involuntary petition was filed by collusion between the debtor and petitioning creditors, that the debts of the petitioning creditors were fictitious, or the alleged act of bankruptcy had not been committed, or a fraud had been practiced upon the court in obtaining the adjudication, I have no occasion to decide now. That is not this case. In the absence of all fraud, the original adjudication must be considered as final and binding upon all the creditors, and cannot be disputed upon the question of granting the debtors' discharge.

Discharge granted.